```
GLOBAL CAPITAL LAW
GARY HARRE, ESQ. (86938)
DIANE BEALL, ESQ. (86877)
8700 WARNER AVE., SUITE 200
FOUNTAIN VALLEY, CA 92708
PHONE (714) 907-4182
FAX     (714) 907-4175
EMAIL: GHCMECF@GMAIL.COM

ATTORNEY FOR DEBTOR, KIM TO TA
```

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>KIM TO TA | Case No. **8:11-bk-10745-TA**<br><br>**DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY WESCOM CREDIT UNION; MEMORANDUM IN SUPPORT OF OPPOSITION.**<br><br>DATE:    MARCH 15, 2011<br>TIME:    10:00 AM<br>CRTRM:  5B<br>FLOOR:  5TH<br><br>411 West 4th Street<br>Santa Ana, CA |

Debtor KIM TO TA, (herein "Debtor" or "TA") by and through her counsels, submit this Memorandum in Support of their opposition to Wescom Credit Union's ("WCU" or "Movant") Motion for Relief from the Automatic Stay.

## SUMMARY

WCU claims that it has a security interest in the Debtor property described as a 2003 Toyota Tundra motor vehicle, which arises from a "Note and Security Agreement" dated October 28, 2006. An unauthenticated copy of said "Note and Security Agreement" is attached to Movant's Motion for Relief from the Automatic Stay. In addition, Movant claims that there is no equity under 11 U.S.C. 362(d)(1) and Lack of Equity and protection under 11 U.S.C. and 362(d)(2)(A).

Contrary to Movant's claims, there is equity in the subject property and Debtor is willing and able to make the payments, thus providing more than adequate protection of Movant's security interest in the 2003 Toyota Tundra.

## DEBTOR HAS EQUITY IN THE PROPERTY

Debtor's Schedules B and D are inaccurate and has been amended and are attached herewith as Exhibit "1".  According to Kelly Blue Book online the vehicle is actually worth $9,450.00 in good condition in a private sale.  Even in fair condition the vehicle is worth $8,550.00 in a private sale.  A copy of the Kelly Blue Book report is attached herewith as Exhibit "2".  Therefore, WCU's interest is adequately protected under 11 U.S.C. and 362(d)(2)(A).

## WCU'S CALCULATION OF EQUITY IN PROPERTY IS INACCURATE

WCU's calculation of equity in Property is inaccurate.  WCU stated in paragraph 12(a) Debtor's equity in the Property is -$704.47.  By WCU's own accounting that is not correct.

In paragraph 10(e), of their motion, the TOTAL CLAIM as of 02/03/2011 was $,3495.53, add to that amount of the future payments due by the time of anticipated hearing date as listed in paragraph 10(f) was $307.64 plus late charge of $9.23.   This totals $3,812.40 ($3,495.53 + $307.64 + $9.23). Therefore, the actual equity in the vehicle by WCU's own numbers should be $387.60 ($4,200 - 3,812.40) and not the -$704.47 listed in paragraph 12(a) of WCU's Motion for Relief From Stay, Docket No.: 16.

## MOTION IS PREMATURE

Debtor's payments are due on the 15th of each month.  See paragraph 10(f) of  WCU's Motion for Relief From Stay, Docket No.: 16.  On their motion, WCU stated that Debtor's last payment was made on 01/07/2011 and yet they filed their Motion For Relief From Stay on February 22, 2011, only seven (7) days after the payment was due and she can tender payment now. Therefore, this motion is premature.

Furthermore, Debtor stated in her "Statement of Intention" filed with the Court on January 18, 2001, that she intended to reaffirm the debt. According to LBR 4008-1(c) Deadline for Filing: A reaffirmation agreement and a motion for approval of the reaffirmation agreement under 11 U.S.C. § 524 must be filed by the debtor or creditor **within 60 days** following the conclusion of the first meeting of creditors under 11 U.S.C. § 341(a), unless otherwise ordered by the court.

Debtor's meeting of Creditors was scheduled for March 2, 2011, long after the filing of this Motion For Relief From Stay. Debtor still has ample time to reaffirm the debt.

## WCU COMES TO COURT WITH UNCLEAN HANDS

On January 18, 2011, Debtor filed the above-caption bankruptcy case as a Chapter 7. The court duly gave notice to WCU as a creditor.

On January 26, 2011, in direct violation of the Automatic Stay the debtor's car was towed from her home by Countywide Collateral Recovery acting as agent for WCU. There is no dispute that automatic stay was in effect since January 18, 2011, and that WCU was not entitled to tow the car as part of its debt collection efforts.

The Debtor contacted Countywide Collateral Recovery who had possession of the car. Debtor informed Countywide Collateral Recovery that they were in violation of the automatic stay and the vehicle was illegally towed. Debtor demanded immediate return of the vehicle and provided a copy of her "Notice of Bankruptcy Filing" to Countywide Collateral Recovery, yet they still refused to return the vehicle.

Debtor then contacted her attorney and explained the situation. Debtor's attorney in turn contacted Countywide Collateral Recovery and informed Countywide Collateral Recovery that they were in violation of the automatic stay and the vehicle was illegally towed subjecting them to sanctions. Debtor's

attorney demanded immediate return of the vehicle.  Countywide Collateral Recovery did not return the vehicle until the following day.

Debtor experienced anxiety and stress as a result of the illegal towing of her car and the utter indifference of WCU to the automatic stay.  She was without access to her car for 24 hours and missed work as a result.

## LEGAL ANALYSIS

### A. Standard on a Motion for Sanction under 11 U.S.C. 362(k).

Section 362(k) of the Bankruptcy Code states, in relevant part, that an "individual injured by any willful violation of a stay provided by this section [i.e. Section 362(a)] shall recover actual damages, including costs and attorneys' feeds, and in appropriate circumstances, may recover punitive damages ..." In Re Wingard, 382 B.R. 892, 900 (2008).  "Thus it appears that the provisions of the statute come into effect upon showing that: (1) a violation of the automatic stay has occurred; (2) the violation was willful; and (3) the willful violation has caused injury to the debtors." Id.

### B. Creditor Has Come Within the Ambit of section 362(k)

#### 1. Repossession of Car to Coerce Payment of Prepetition Debts Violates the Stay.

A creditor, with knowledge of the stay, has affirmative duty to act terminate ongoing violations of the automatic stay, (Eskanos , 309 F.3d 1210 (9th Cir. 2002) since knowing retention of property of the estate violates the stay. In re Del Mission Limited: SBOE v. Taxel, 98 F.3d 1147, 1151 (9th Cir. 1996). There can be no doubt that WCU and their agent, Countywide Collateral Recovery, had knowledge of the commencement of the case. The court gave such notice; the Debtor, and Debtor's attorneys repeatedly, gave such notice.

#### 2. Creditor's Violation of the Automatic Stay was Willfull.

Creditor received notification of bankruptcy proceedings, but still consciously chose to move forward with the repossession of Debtor's vehicle.  "It

is a willful violation of the automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been file ...Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intention." In re Wingard, 382 B.R. at 901 (internal citations omitted.)

### 3. **Debtor Has Been Injured by Creditor Willful Violation of Automatic Stay.**

Debtor's life was turned upside down because she had no transportation. Emotional distress damages are compensable under the Bankruptcy Code.

> The [automatic] stay is the first part of bankruptcy relief, for it gives the debtor a respite from the forces that led him to bankruptcy. Frequently, a consumer debtor is severely harassed by his creditors when he falls behind in payments on loans. The harassment takes the form of abusive phone calls at all hours, including at work, threats of court action, attacks on the debtor's reputation, and so on. The automatic stay takes the pressure off the debtor. Id. at 902.

Further, Debtor have incurred attorney's fees and costs in the continued defense of this illegal collection activity, and which is also sanctionable. In re Peterkin, 102 B.R. 50, 53 (1989)(the Court further finds that the violation in this case was willful. Section 362(h) of the Bankruptcy Code provides that "[a]n individual injured by a willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, an, in appropriate circumstances, may recover punitive damages).

### CONCLUSION

While Debtor has cause to file for sanctions against WCU for the willful violation of the automatic stay, Debtor has only a few months worth of payments

left on the "Note and Security Agreement" with WCU and would like to reaffirm the debt and continue to make payments in order to keep the vehicle.

### PRAYER FOR RELIEF

The long held maxim of equity requires that, " One who seeks equity must do equity."  Here Movant clearly comes to court with unclean hands.  Therefore his Motion for Relief From Stay should be denied.

Since the accounting of the debt as declared in the Motion for Relief From Stay is inaccurate, Debtor respectfully requests through their counsel a thorough, accurate and complete accounting of the debt.

DATED: March 8, 2001

                                Respectfully Submitted;

                                Gary Harre, Esq.
                                Attorney for Debtor